IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-cv-01043 |
| **NORTH TARRANT INFRASTRUCTURE LLC, FERROVIAL CONSTRUCTION US CORP AND WEBBER LLC,** | § § § § § § | |
| DEFENDANTS. | § | |

**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LIBERTY MUTUAL FIRE INSURANCE COMPANY, and petitions the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, for construction of a certain insurance policy, and for a judgment declaring that the Plaintiff has no duty thereunder to defend or indemnify any of the Defendants in any of a series of underlying lawsuits filed in the wake of the February 11, 2021 multi-car "pile-up" that occurred in the southbound toll lanes of Interstate 35 in Fort Worth, Texas. In support of this Complaint, Liberty Mutual would show the Court as follows:

**I.**

**PARTIES**

1.    Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") is a Wisconsin insurance company with its principal place of business in Boston, Massachusetts.

2. Defendant North Tarrant Infrastructure LLC ("NTI") is a Texas limited liability company with its principal place of business located at 13601 North Fwy, Suite 200, Fort Worth, Texas 76177.  NTI's members are DBW Construction, LLC and Ferrovial Construction Texas, LLC.

(a) DBW Construction, LLC is a Texas limited liability company with its principal place of business in The Woodlands, Texas.  Its sole member is Webber, LLC.  As set forth below, Webber, LLC is a Texas limited liability company with its principal place of business is in The Woodlands, Texas.  Its sole member is Ferrovial Construction US Holding Corp., which is a Delaware corporation with its principal place of business in Austin, Texas.

(b) Ferrovial Construction Texas, LLC is a Texas limited liability company with its principal place of business in Austin, Texas.  Its sole member is Ferrovial Construction US Corp.  As set forth below, it is a Delaware corporation with its principal place of business in Austin, Texas.

NTI may be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or in any other manner consistent with Texas law.

3. Defendant Ferrovial Construction US Corp. ("Ferrovial"), f/k/a Ferrovial Agroman US Corp., is a Delaware corporation with its principal place located at 9600 Great Hills Trl., Suite 200 E. Austin, Texas, 78759.  Ferrovial may be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or in any other manner consistent with Texas law

4. Defendant Webber, LLC ("Webber") is a Texas limited liability company with its principal place of business is located at 1725 Hughes Landing Blvd., Suite 1200, The Woodlands, Texas 77380. Webber's sole member is Ferrovial Construction US Holding Corp. As set forth above, it is a Delaware corporation with its principal place of business in Austin, Texas. Webber may be served with process by serving its registered agent for service of process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or in any other manner consistent with Texas law.

## II.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this cause of action because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). More specifically, and as set forth above, Plaintiff is a citizen of both the State of Wisconsin and the Commonwealth of Massachusetts, whereas each of the Defendant entities, including their respective members (and members' members), where applicable, is a citizen of either Texas and/or Delaware. Further, the amount in controversy exceeds $75,000.00, as the damages being sought in the various Underlying Lawsuits (as defined below) are in the multiple millions of dollars.

6. Venue is proper in this Court because the events giving rise to the controversy occurred in the Northern District of Texas – Fort Worth Division.

## III.

## STATEMENT OF FACTS

**THE UNDERLYING LAWSUITS**

7. The Underlying Lawsuits (as defined below) arise out of a multi-vehicle "pile-up" that occurred on February 11, 2021 on an elevated section of the southbound toll lanes of I-35 in Fort Worth, Texas. The Underlying Lawsuits have been filed by the estates and family members

of individuals who were injured or killed in the pile-up. The petitions in the Underlying Lawsuits have named numerous defendants, including NTI, Ferrovial and Webber. As against NTI, Ferrovial and Webber, such petitions allege that they were responsible for maintaining the road where the pile-up occurred, and failed to do so, and also failed to warn of dangers.

8.  More specifically, the Underlying Lawsuits currently consist of the following thirty (30) cases:[1]

- *Tamara Suzanne Vardy, et al. v. New Prime, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. DC-21-09849, in the 44th Judicial District Court of Dallas County, Texas;

- *Jane Watson, et al. v. NTE Mobility Partners LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 342-326366-21, in the 342nd Judicial District Court of Tarrant County, Texas;

- *Jennifer Rebecca Roland, Representative of the Estate of William Darrell Williams, et al. v. New Prime, Inc, d/b/a Prime, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. DC-21-11415, in the 95th Judicial District Court of Dallas County, Texas;

- *Karen Mooney v. NTE Mobility Partners, LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 096-328290-21, in the 96th Judicial District of Tarrant County, Texas;

- *Juan Gerred, et al. v. Fed Ex Ground Package System Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 352-327055-21, in the 352nd Judicial District Court of Tarrant County, Texas;

- *Amanda Davis v. Ernst Val, et al. (including NTI, Ferrovial and Webber)*, Cause No. 342-327892-21, in the 342nd Judicial District Court of Tarrant County, Texas;

- *Marielena De Freites, Individually, and as the Heir at Law of the Estate of Tamara Mendoza, et al. v. GC's Produce Transport, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 096-327325-21, in the 96th Judicial District Court of Tarrant County, Texas;

---

[1] Additional lawsuits may have been filed against NTI, Ferrovial and Webber arising out of the February 11, 2021 pile-up; as of the time of this filing, however, only the thirty cases listed herein have been tendered to Liberty Mutual by the Defendants, all of whom assert that they are insureds and are entitled to a defense under the Liberty Mutual insurance policy at issue.

---

**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT** Page 4

- *Cathleen Klapprodt v. NTE Mobility Partners LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 141-338433-22, in the 141st Judicial District Court of Tarrant County, Texas;

- *Charles Carroll v. Rhonda Jones, et al. (including NTI, Ferrovial and Webber)*, Cause No. 067-328315-21, in the 67th Judicial District Court of Tarrant County, Texas;

- *Richard Cross and Robert Cross v. Coca Cola Southwest Beverages, LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 048-340172-23, in the 48th Judicial District Court of Tarrant County, Texas;

- *Jeremy Cruz v. Nolan Transportation Group, LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 2022-004123-2, in the County Court at Law No. 2 of Tarrant County, Texas;

- *Shaun William Flach v. Carlos Ruvalcaba, et al. (including NTI, Ferrovial and Webber)*, Cause No. 342-328313-21, in the 342nd Judicial District Court of Tarrant County, Texas;

- *Paul Richard Genualdo v. NTE Mobility Partners LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 236-340162-23, in the 236th Judicial District Court of Tarrant County, Texas;

- *Kerry Quinn Gober v. NTE Mobility Partners LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 342-340160-23, in the 342nd Judicial District Court of Tarrant County, Texas;

- *Nancy Herrera v. Fed Ex Ground Package System, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 067-328210-21, in the 67th Judicial District Court of Tarrant County, Texas;

- *Rhonda Carol Jones v. Fed Ex Ground Package System, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 153-339123-22, in the 153rd Judicial District Court of Tarrant County, Texas;

- *Suzette Kilbreath v. Steven Ridder, et al. (including NTI, Ferrovial and Webber)*, Cause No. 096-33254-22, in the 96th Judicial District Court of Tarrant County, Texas;

- *Angela Livesay v. Arturo Montes, et al. (including NTI, Ferrovial and Webber)*, Cause No. 017-333296-22, in the 17th Judicial District Court of Tarrant County, Texas;

- *Devin Meek v. Go To Logistics, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 352-328172-21, in the 352nd Judicial District Court of Tarrant County, Texas;

- *Terry A. Morris, Jr. and Mary Morris v. NTE Mobility Partners LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 141-339836-23, in the 141st Judicial District Court of Tarrant County, Texas;

- *Glenn Reid and Katrina Adams v. NTE Mobility Partners LLC, et al. (including NTI, Ferrovial and Webber),* Cause No. 048-328274-21, in the 48th Judicial District Court of Tarrant County, Texas;

- *Roby Robertson and Enid Robertson v. NTE Mobility Partners LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. 067-339811-23, in the 67th Judicial District Court of Tarrant County, Texas;

- *Kayla Toney v. Arturo Montes, et al. (including NTI, Ferrovial and Webber)*, Cause No. 048-333297-22, in the 48th Judicial District Court of Tarrant County, Texas;

- *Arturo Montes v. New Prime, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 236-340148-23, in the 236th Judicial District Court of Tarrant County, Texas;

- *Johnathan D. Davis v. Rich Transport, LLC, et al. (including NTI, Ferrovial and Webber)*, Cause No. DC-21-12071, in the 68th Judicial District Court of Dallas County, Texas;

- *David Garcia v. Hector Garcia Rodriguez, et al. (including NTI, Ferrovial and Webber)*, Cause No. CC-21-03642-A, in County Court at Law No. 1, Dallas County, Texas;

- *Destiny Mays v. FedEx Ground Package System, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 141-329929-21, in the 141st Judicial District Court of Tarrant County, Texas;

- *Christopher S. Pennington v. FedEx Ground Package System, Inc., et al. (including NTI, Ferrovial and Webber),* Cause No. C-1550-21-B, in the 93rd Judicial District Court of Hidalgo County, Texas;

- *Shay Wells, et al. v. FedEx Ground Package System, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. 017-327863-21, in the 17th Judicial District Court of Tarrant County, Texas; and

_____
**LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT** **Page 6**

- *Mark Patel, et al. v. FedEx Ground Package System, Inc., et al. (including NTI, Ferrovial and Webber)*, Cause No. C-650-21-B, in the 93rd Judicial District Court of Hidalgo County, Texas.[2]

9. Subject to a full reservation of rights, Liberty Mutual has agreed to defend NTI, Ferrovial and Webber in each of the Underlying Lawsuits.

## THE PROJECT

10. In March 2013, NTI entered into a contract with North Tarrant Express Mobility Partners Segments 3, LLC (the "Developer") for the construction of a project known as North Tarrant Express Project Segment 3A (the "Project"). NTI's role in the Project was to rebuild approximately 6.5 miles of the existing main lanes of I-35W, construct new, expanded frontage roads, and expand the highway with the addition of two TEXpress lanes (or managed toll lanes) in both directions. The Project extended from I-30 in downtown Fort Worth up to and through the I-35/I-820 Interchange. Work on the Project began in 2013, with substantial completion reached in July 2018. Following completion of the Project, the Developer assumed responsibility for operations and maintenance on this segment of the I-35W right of way.

## THE POLICY

11. In connection with the Project, Liberty Mutual issued to North Tarrant Infrastructure LLC as the first named insured commercial general liability policy no. TB2-691-460860-013 (the "Policy"). It includes the following provisions, which appear in the coverage form (form no. CG 00 01 12 07):

**SECTION I – COVERAGES**

---

[2] We note that most, if not all, of the lawsuits referenced herein have been consolidated into a single matter captioned "*In re: February 11, 2021 Incident on IH35W,* Cause No. 153-000000-22, in the 153rd Judicial District Court of Tarrant County, Texas (the Consolidated Lawsuit)." We expect that the other lawsuits relating to this incident will also be consolidated. However, we are referring to each lawsuit by its original caption/cause number herein for ease of reference.

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any ·suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

The Policy also includes an Exclusion-Designated Work endorsement, Form CG 21 34 01 87, limiting coverage. Relevant to the Underlying Lawsuits, the following Change Endorsement, No. 4, was added to the Policy after its issuance:

                           CHANGE ENDORSEMENT

    Named Insured North Tarrant Infrastructure LLC Segment 3A Endorsement number 004

    The following changes are effective as of the effective dates shown below and will terminate the policy. All other provisions of the policy remain unchanged.

    Effective Date: 05/01/2013

    Exclusion-Designated Work, Form CG 21 34 01 87, is amended to read as follows:

    This policy does not cover work conducted for any project other than the following North Tarrant Express.

Segment 3A defined as:

The project will *rebuild* 6.5 miles of the existing main lanes of I-35W, *construct* new, expanded frontage roads, and *expand* the highway with the addition of two TEXpress lanes (or managed toll lanes) in both directions, doubling the capacity of the highway. The 3A Segment extends from I-30 in downtown Fort Worth up to and through the I-35/I-820 Interchange.

(Emphasis added.)

## IV.

## DECLARATORY JUDGMENT

12. Liberty Mutual incorporates by reference herein each and every allegation contained in the preceding paragraphs as if set forth fully at length.

13. Liberty Mutual would show that the claims against Defendants in the Underlying Lawsuits are specifically excluded by the Exclusion – Designated Work endorsement of the Policy. Pursuant to that endorsement, the Policy does not cover any work not expressly identified therein, and the only work so identified is for the North Tarrant Express Segment 3A project, which was to "rebuild 6.5 miles of the existing main lanes of I-35W, construct new, expanded frontage roads, and expand the highway with the addition of two TEXpress lanes (or managed toll lanes) in both directions, doubling the capacity of the highway. The 3A Segment extends from I-30 in downtown Fort Worth up to and through the I-35/I-820 Interchange." In other words, the only work on Segment 3A that is covered is the *rebuilding, construction* and *expansion* of specific sections of the highway. Any and all other work, such as any alleged work relating to ongoing maintenance (or other post-construction activity) on Segment 3A, is thus excluded from coverage under the Policy.

14. In the Underlying Lawsuits, the only negligent conduct alleged against NTI, Ferrovial and Webber relates to ongoing maintenance, *not* construction. By way of example, the

petitions in the *Vardy* Lawsuit and *Roland* Lawsuit, respectively, refer to NTI, Ferrovial and Webber as members of the "Road Maintenance Defendants" and include the following allegations:

> The Road Maintenance Defendants had control over the TEXPress Lanes where the collision occurred. The Road Maintenance Defendants were responsible for maintaining the TEXPress Lanes, including anti-icing, deicing, and mechanical removal of ice. The Road Maintenance Defendants had notice of a collision that occurred approximately three hours earlier near the area of this collision but failed to treat, clear, deice, and/or close the TEXPress Lanes prior to this catastrophic collision. . . .
>
> At all times relevant and material hereto, the Road Maintenance Defendants were negligent in at least the following respects:
> a. Failing to deice the TEXPress Lanes.
> b. Failing to properly pre-treat and prepare the TEXPress Lanes for the inclement weather conditions.
> c. Failing to monitor the TEXPress Lanes considering the forecast and occurring weather events.
> d. Failing to inspect and/or adequately inspect the TEXPress Lanes.
> e. Failing to close the TEXPress Lanes considering the weather conditions and prior collision occurring near the collision scene.
> f. Failing to spot treat the TEXPress Lanes.
> g. Failing to adequately warn motorists of the icy conditions on the TEXPress lanes of which Defendants had actual knowledge.
> h. Failing to adequately warn motorists of the icy conditions on the TEXPress Lanes of which Defendants should have had knowledge.
> i. Failing to implement proper procedures for anti-icing, deicing, and removing ice on the TEXPress Lanes.
> j. Failing to discover hazards or defects that existed prior to and at the time of this collision.
> k. Failing to act as a reasonably prudent road maintenance company would act under the same or similar circumstances.

Likewise, the petition in the *Gerred* Lawsuit refers to NTI, Ferrovial and Webber as members of the "Road Maintenance Defendants" and includes the following allegations:

> At the time of the collision made the basis of this lawsuit and at all relevant and material times, Defendant NTE and the other Road Maintenance Defendants owed a duty to traveling motorist on the express lanes, including Tiffany Gerred, and was contractually responsible for maintaining the express lanes where this collision occurred. Defendant NTE's negligent acts and/or omissions include, but are not limited to, the following:

 (a) Failing to adequately and properly and timely treat the express lanes to prevent the formation of ice on the express lanes;
 (b) Failing to adequately and properly monitor the weather and road conditions;
 (c) Failing to adequately and properly inspect the express lanes;
 (d) Failing to de-ice and remove ice from the express lanes;
 (e) Failing to close the express lanes to all traffic;
 (f) Failing to close the express lanes to all commercial 18 wheeler vehicles;
 (f) Failing to properly warn motorists of the icy road conditions on the express lanes;
 (g) Failing to properly train personnel on the proper and timely treatments required to prevent the formation of ice on the express lanes;
 (h) Failing to properly train personnel on the proper and timely de-icing and removal of ice required to prevent collisions on the express lanes;
 (i) Failing to implement proper policies and procedures for the prevention of ice formation, pretreatment, de-icing and the removal of ice from the express lanes;
 (j) Failing to take other actions to prevent hazardous road conditions on the express lanes;
 (k) Failing to act as a reasonable and prudent road maintenance company;
 (l) Failing to comply with its contractual obligations to maintain the express lanes in a safe condition for motorists and the travelling public; and
 (m) Other negligent acts and omissions to be identified as discovery is conducted.

The petitions in the *Watson* Lawsuit, *Mooney* Lawsuit and *Klapprodt* Lawsuit, respectively, identify NTI, Ferrovial and Webber as members of the "I-35 Tollway Owners, Operations and Maintenance Defendants" and allege, among other things, that they are liable for "one or more" of the following acts:

 1. Failing to properly operate and/or maintain the 1-35 roadway where this incident occurred;
 2. Failing to properly maintain the roadway in order to discover any defects as they existed at the time of this incident;
 3. Failing to discover any hazards or defects which existed at this time of this incident;
 4. Failing to inspect, or adequately and/or properly inspect, the roadway;
 5. Failing to monitor, and/or timely monitor, the weather conditions that existed at the time of this incident;
 6. Failing to adequately repair any defect which existed at the time of this incident;
 7. Failing to post adequate warning signs on the roadway to warn of any hazards or defects of which this defendant had, or should have had, knowledge;

8. Failing to provide barriers that would have prevented this type of incident;
9. Failing to provide safeguards that would have prevented this type of incident;
10. Failing to de-ice the 1-35 tollway prior to the time of the incident made the basis of this suit;
11. Failing to close the 1-35 tollway because of the presence of ice on the tollway; and
12. Committing various acts and/or omissions of negligence and gross negligence, both statutory and common law, to be specified in detail at the time of trial.

The petition in the *J. Davis* Lawsuit identifies NTI, Ferrovial and Webber as members of the "Roadway Defendants," who are alleged to have "had the responsibility to operate and maintain the TEXPress Lanes where this collision occurred . . . ." More specifically, the *Davis* Lawsuit petition alleges: "The Roadway Defendants were responsible for operating and maintaining the TEXPress Lanes, including anti-icing, de-icing, and mechanical removal of ice. The Roadway Defendants had notice of a collision that occurred approximately three hours earlier near the area of this collision but failed to treat, clear, de-ice, and/or close the TEXPress Lanes prior to this catastrophic collision."

15. Each of the petitions in the remaining Underlying Lawsuits includes similar allegations against NTI, Ferrovial and Webber relating exclusively to the operation and/or maintenance, rather than the construction, of the I-35 express lanes.

16. As set forth above, because the only allegations against NTI, Ferrovial and Webber in the Underlying Lawsuits relate to work that is specifically excluded by the Policy, Liberty Mutual has no duty to defend or indemnify them from such claims.

17. Declaratory judgment is appropriate because an actual, justiciable controversy exists regarding the rights of the parties under the Policy. Specifically, NTI, Ferrovial and Webber claim to be entitled to coverage thereunder, whereas Liberty Mutual asserts that the Policy does not afford coverage for the claims against them in the Underlying Lawsuits. Liberty Mutual

therefore requests that the Court declare that NTI, Ferrovial and Webber are not entitled to defense and/or indemnity from Liberty Mutual against the claims against them in the Underlying Lawsuits.

## V.

## CONDITIONS PRECEDENT

18. All conditions precedent to Liberty Mutual's claim for relief have been performed or have occurred.

## VI.

## PRAYER

19. For these reasons, Liberty Mutual asks that NTI, Ferrovial and Webber be cited to appear and answer herein, and that the Court enter judgment declaring that Liberty Mutual has no duty to defend or indemnify NTI, Ferrovial and/or Webber against the claims alleged against them in the Underlying Lawsuits, and awarding it all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
**TILLMAN BATCHELOR**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Email: mark.tillman@tb-llp.com

**ATTORNEYS FOR PLAINTIFF LIBERTY MUTUAL FIRE INSURANCE COMPANY**